[No. 937.   April, 25, 1902.]

# EDWARD C. MACHEN, Appellant, v. ARTHUR B. KEELER, Appellee.

### SYLLABUS.

1.  An order dissolving an attachment which is made before final judgment is rendered in the main suit as to the indebtedness, is only an interlocutory order or decree, and is not a final judgment.

2.  Sections 8 and 9, chap. 75, of the Session Laws of 1899, which seek to allow appeals from judgments or orders dissolving attachments, before final judgments are rendered in the main suit, are contrary to the provisions of the organic act, and are void.

Appeal from the district court of Socorro county, before DANIEL H. MCMILLAN, Associate Justice. Appeal dismissed.

JAMES G. FITCH for appellant.

Except where the jurisdiction of the court is involved, the courts have uniformly declined to entertain a motion to quash an attachment on the ground that the attached property does not belong to the defendant.

> 1 Wade on Attachment, sec. 289; Mitchell v. Skinner, 17 Kan. 563; Langdon v. Conklin, 10 Ohio St. 439; Emerson v. Love, 2 Ohio Dec. 384; Miller v. Paine, 2 Kulp. (Pa.) 304; Exchange Nat. Bank v. Clement, 109 Ala. 270, 19 South. 814; Tidrick v. Sulgrove, 38 Ia. 339; Rosenberg v. Burnstein, 60 Minn. 18, 61 N. W. 648; First Nat. Bank v. Mullaney, 29 Oregon 268, 45 Pac. 796.

The defendant can not be heard for the purpose of having the attachment dissolved, if he has assigned the property, nor if the property is under execution of a judgment against him, nor if he has no rightful claim to possession, nor if he has no title.

Wapples on Attachment, p. 413; Chandler v. Nash, 5 Mich. 409; Johnson v. DeWitt, 36 Mich. 95.

To take advantage of defective execution of the writ and make it the reason for quashing, the defendant must find evidence of it in the return.

Wapples on Attachment, p. 423.

When lands are attached the officer does not take possession but merely returns that he has attached all the right, title and interest of the defendant to the same.

Section 2698, Comp. Laws of 1897.

So far as the attachment is concerned the only issue is the truth of the grounds as stated in the attachment affidavit.

Section 2688, 2707, 2723, Compiled Laws, 1897; Meyer & Son Co. v. Black, 4 N. M. 352-365.

The sheriff can not execute a deed until the time for redemption is passed, and if he attempts to do so the deed is absolutely void.

3 Freeman on Execution ( 3 Ed.), sec. 316, p. 1857; sec. 328, p. 1906; Gross v. Fowler, 21 Cal. 392; Hull v. Yoell, 45 Cal. 584; Moore v. Martin, 38 Cal. 428; Gorham v. Wing, 10 Mich. 486; Johnson v. DeWitt, supra.

And such deed does not constitute even color of title.

Bernal v. Gleim, 33 Cal. 668.

The legal title may always be bound to the extent of the beneficial interest conveyed by it.

2 Freeman on Executions, sec. 173; Drysdale's Appeal, 15 Pa. St. 437.

And the interest of the execution defendant, during the period of redemption, is subject to levy and sale under a second execution against him.

2 Freeman on Executions, sec. 182; Curtis v. Millard, 14 Iowa 128, 81 Am. Dec. 460; Barnes v. Cavanaugh, 53 Iowa 27; Russell v.

Fabyan, 34 N. H. 218; Nutt v. Cummings, 155 N. Y. 309, 49 N. E. 880; Bennett v. Wilson, 122 Cal. 509, 55 Pac. 390.

But see also

Vaughn v. Ely, 4 Barb. 159; Smith v. Colvin, 17 Barb. 157; Bissell v. Lewis, 3 Barb. 70; Ex parte Peru Iron Co., 7 Cow. 540; Evertson v. Sawyer, 2 Wend. 507; Page v. Rogers, 31 Cal. 294, 307; Davenport v. Lacon, 17 Conn. 278; Bullene v. Hiatt, 12 Kansas 98; Bank v. Barrick, 62 Ky. 51; Bailey v. Warren, 28 Vt. 87; Crosby v. Elkender Lodge, 16 Iowa 399; Harvey v. Spaulding, 16 Iowa 397, 85 Am. Dec. 526.

It may safely be said that as a general proposition all rights and interests in property, claims, demands and choses in action are subject to assignment, about the only exceptions being in cases arising out of personal torts, or where an assignment would be against public policy, or is expressly prohibited by statute.

1 Wait, Actions and Defenses, 355 to 362.

In Tennessee the right of redemption after execution sale is assignable and that therefore the assignee is entitled to redeem.

Hepburn v. Kerr, 9 Humph. 726, 51 Am. Dec. 685; Herndon v. Pickard, 6 Humph. 702; Huffaker v. Bowman, 4 Sneed 89.

Is the judgment debtor's interest attachable?

Sections 2700, 3107, Compiled Laws 1897; Perea v. Colo. Nat. Bank, 6 N. M. 1; Garland v. Sperling, 6 N. M. 623.

L. K. Parks, with B. S. Rodey, for appellee.

The court has no jurisdiction to entertain an appeal from an interlocutory judgment.

Organic Act, sec. 10; Territory v. Ortiz, 1 N. M. 5; Archibique v. Miera, 1 N. M. 160;

Arellano v. Chacon, 1 N. M. 269; Guiterez v. Pino, 1 N. M. 392; N. P. C. Irr. Co. v. Utah etc. Canal Co., 46 Pac. 824; Ferris v. Higley, 20 Wall. 375; Harris Mfg. Co. v. Walsh, 3 N. W. 307, 309.

The right of a person who has an unleviable interest in property, may by motion have such interest released.

Schofield v. Folsom, 7 N. M. 610; Lyndonville National Bk. v. Folsom, 7 N. M. 611.

The sale is made when the hammer falls, and the purchaser is entitled to the deed on the payment of the purchase-money.

Jackson v. Warren, 32 Ill. 331; Stevens v. Ferry, 48 Fed. 7; Remington v. Lithmeum, 14 Peters 84; Whitlock v. Johnston, 87 Va. 323.

There must be seizin in law or seizin in fact to warrant a levy.

Hagaman v. Jackson, 1 Wend. 502; Major v. Deer, 4 J. J. Marshal 585; Mason v. Allen, 5 Greenl. 479; Gooch v. Atkins, 14 Mass. 378; Graham v. Moore, 5 Harr. (Del.) 318; Pennington v. Yell, 6 Eng. 212.

The statutory right to redemption from execution sale is not subject to levy and sale.

Watson v. Reissig, 24 Ill. 281; Merry v. Bostwick, 13 Ill. 398.

Every person who has an interest in property, valuable to him, but which for some reason is not subject to levy and sale on execution, has a right to be heard if such property is attached, to make known his just and legal rights.

Greenwich Nat. Bk. v. Hall, R. I. 124; Newman v. Willetts, 48 Ill. 534; Wade on Attachments (6 Ed.), sec. 252.

Attachment will not lie if the interest in the property is such that it cannot be sold on execution.

Authorities last above cited.

### STATEMENT OF FACTS.

This suit was brought in the court below to recover upon an open account, and certain personal property and the interest of Arthur B. Keeler, in the Iron Mask mine was attached. A motion was made by the defendant to dismiss the attachment so far as the Iron Mask mine was concerned. The proofs showed that this mine had been sold upon execution issued in another case to the plaintiff in this case, Edward C. Machen, and that the only interest which the defendant had in said mine was the statutory right of redemption.

The court dismissed the attachment so far as the Iron Mask mine was concerned, from which dismissal appellant excepted and appealed to this court.

### OPINION OF THE COURT.

MILLS, C. J.—This case would have been settled by the decision of this court in the case of Schofield v. American Valley Company, 9 N. M. 485, had it not been for the passage of an act by the Legislative Assembly of this Territory which sought to grant the right of appeal in attachment cases where an attachment has been dissolved before the rendering of the final judgment as to the indebtedness, in the main suit. Sections 8 and 9, chapter 75, Session Laws of 1899.

This court held in Schofield v. American Valley Company, supra, that attachment proceedings were not in themselves appealable, and that they could only be reviewed after final judgment had been given in the main case of which they were a part. Our opinion in that case was largely based upon the opinion of the Supreme Court of the United States in the case of Leitensdorfer v. Webb, 20 How. 176, which went to the Supreme Court from this Territory. In that case the Supreme Court of the

United States held and we followed its decision in Schofield v. American Valley Company, 9 N. M. 485, that the finding for the plaintiff in an attachment suit was only an interlocutory order or decree and that not being a final judgment an appeal from it would not lie.

The question therefore presented to us is: Does the enactment of sections 8 and 9, chap. 75, Session Laws of 1899, allowing appeals in attachment cases where the attachment has been dissolved before the final judgment has been rendered as to the indebtedness, conflict with the organic act under which this Territory is organized?

As above stated we have held that judgments or orders dissolving attachments are only interlocutory, and the enactment of sections 8 and 9, chap. 75, Session Laws of 1899, by the Legislature of this Territory does not change them, and does not make them final orders, judgments or decrees, from which appeals lie. They are still interlocutory in their nature, and the passage of this act by the Legislative Assembly does not make them final judgments.

The case at bar therefore being an appeal from an order dismissing an attachment is not an appeal from a final judgment, but is an appeal from a mere interlocutory order, and in accordance with the rule laid down by us at the present term of this court in the case of Jung v. Myer, the appeal in this case will be dismissed and the cause remanded to the district court of Socorro county for further proceedings, and it is so ordered.

Baker, Parker, and McFie, JJ., concur.

McMillan, J., having tried this case below, did not participate in this opinion.